James R. Burruss, Probate Judge, use, &c., vs. Peter Fisher, Administrator.

The right of a judgment creditor of a decedent's estate to sue the administrator upon his bond for a *devastavit*, or other act of mal-administration, is not affected by an order of the probate court, confirming the report of insolvent commissioners, in which the claim of the creditor is embraced and allowed.

Where a suit is brought by a creditor of an insolvent estate, whose claim has been allowed, to recover a dividend declared by the court, and directed to be distributed amongst the creditors, he can recover only his *pro ratâ* proportion of the dividend, and is not entitled to priority of payment over the other creditors.

But the case is different where the suit is brought to recover a debt due by a decedent, on the ground that his estate has been wasted, and not accounted for by the administrator. In such a case, the creditor seeks satisfaction out of the estate of the decedent which has not been administered; and his rights are distinct from and independent of the action of the probate court; and, in a proper case, he may recover the full amount of his claim.

*Randolph* v. *Singleton et al.*, 12 S. & M. 439, cited and confirmed. A creditor of an estate, who has been injured by the acts of the administrator, has a legal right to his remedy on the bond, and this right will not be affected, although the creditor appear before the probate court and contest the settlement of the administrator. The bond gives a remedy, over which the porbate court has no control; and, having none, it can enter no judgment which will operate as a bar to an action on the bond.

If the administrator of an insolvent estate fraudulently pay to a creditor of the estate a larger amount than he is justly entitled to, the excess thus paid is, in effect, a gift to him of so much of the assets of the estate of the insolvent. It cannot be questioned but that such an act will render the administrator liable for a *devastavit.*

If an administrator of an insolvent estate pays more money to a creditor of the estate than is really due, and renders to the probate court an account embracing such payment, which is allowed by the court, such allowance constitutes no bar to an action on the bond for a *devastavit.*

On appeal from the circuit court of Yazoo county; Hon. R. C. Perry, judge.

The facts of the case are sufficiently stated in the opinion of the court.

*R. S. Holt*, for appellant,

Cited 8 S. & M. 211; 1 Stew. & Por. R. 71; 2 Stew. R. 21; 6 Ala. 226; Hutch. Code, 667, § 103; 11 Pick. 496; 5 Ib. 61; 3 Ib. 128; 16 Mass. R. 524; 10 Pick. 75.

*W. Banks*, for appellee,

Cited H. & H. Code, 482, § 10; 12 S. & M. 439; 15 Ib. 197; 2 U. S. Dig. 400; 10 Peters, 532; *Noland* v. *Calvit,* 12 S. & M. 273.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was an action commenced in the circuit court of Yazoo, to obtain satisfaction of a judgment which had been rendered in said court, in favor of the usee, against George Fisher, Beverly R. Grayson, and Nancy A. Brown, administrators and administratrix, with the will annexed, of Jesse R. Brown. The suit was brought on the administration bond of appellant's, intestate ; and the ground of recovery was an alleged *devastavit*, on the part of the said administrators.

The defendant in the court below, after oyer of the bond, pleaded performance of the condition generally. The plaintiff, in his replications, assigned for breaches various alleged acts of mal-administration. These it is unnecessary specifically to notice. The defendant rejoined, and issue having been made up on the several points in contest, the cause was submitted to a jury, who returned a general verdict for the plaintiff.

It appears that, prior to the institution of this suit, the estate of said Brown had been declared insolvent by the court of probates of Yazoo county ; that commissioners of insolvency had been duly appointed, and that their report of the claims which had been audited and allowed against his estate, had been returned to said court, and by it confirmed. The demand of the usee in this action had been presented to the commissioners, was allowed by them, and embraced in their report.

Pending the trial, numerous instructions were requested by the parties. We shall, however, confine our examination to the questions arising on the eleventh charge of the plaintiff, which was granted, and to the third, fourth and eleventh instructions, requested by the defendant and refused by the court.

First, in regard to the refusal of the court to charge, as requested by the defendant.

These charges contain the following propositions, to wit : 1. That Brown's estate, having been reported and declared insolvent, the plaintiff was not entitled to a priority of payment over the other creditors of the insolvent estate, but was entitled only to a *pro ratâ* dividend of the assets remaining in the hands of the administrators. And 2. That Brown's estate being insolvent, and commissioners of insolvency having been appointed, by whom plaintiff's demand was audited and

allowed, and their report as such embracing plaintiff's claim, having been confirmed by the court of probates, the plaintiff was entitled to recover only nominal damages, unless it should appear that, before the commencement of his suit, a decree of said court had been entered, declaring a dividend, and ordering a distribution of the insolvent's estate amongst the creditors whose claims had been allowed.

These positions are, doubtless, true, when applied to a suit brought at the instance of a creditor for the recovery of his dividend in the effects of an insolvent's estate. But it is manifest that a very different question is presented, when the suit is brought to recover a debt due by a decedent, on the ground that his estate has been wasted, and not accounted for, by his administrator.

In the one case, the right of recovery exists in regard to a fund admitted by the official acts of the administrator to be subject to distribution. In such a case, the right to a *pro ratâ* division is conferred by the statute; and the amount of the dividend is determined by the quantum of assets reported by the administrator, and the amount of the claims allowed by the commissioners, and decreed by the court, whose duty it is, after deducting the debts due for the last sickness and necessary funeral expenses of the insolvent, to order a distribution of the remainder of the estate amongst the creditors, whose claims have been allowed. Hence, as a party holding a right to distribution of an insolvent estate, claims under and by virtue of the orders and decrees of the court of probates, he is entitled to no preference, nor can he sue for his dividend until after the court has ordered distribution.

In the other case, the right of the party to recover is not predicated on, or derived from, any proceeding or decree of the court of probates. He seeks satisfaction out of the estate which has not been administered under its supervision. His rights are distinct from, and independent of, the action of that court.

It is true, that any party interested in the estate of a decedent may question any official act of the administrator, and if such act be erroneous, is entitled to have it corrected. This

right is given for the greater security of persons interested in the succession. But whether it be exercised or not, the right of the aggrieved party to his action on the bond for maladministration will not thereby be affected. This principle is settled in the case of *Randolph* v. *Singleton et al.*, 12 S. & M. 439. In that case, which was an action on an administration bond, the defendant pleaded in substance, that she had presented her final account of her administration of all of the assets of the deceased to the court of probates ; that the party for whose use the suit was brought, appeared and contested the settlement; that such proceedings were had thereon, that afterwards it was ordered that her said account, showing a large balance in her favor, should be allowed and confirmed; averring that such balance was still due, over and above the assets which had come into her hands. The court held the plea to be bad. They say, " The first plea constitutes no bar in law to the plaintiff's right of action on the bond for maladministration. The probate court could not create such a bar by its judgment. A creditor who has been injured has a legal right to his remedy on the bond. The bond gives a remedy, over which the probate court has no control; and having none, it can enter no judgment which will operate as a bar to an action on the bond."

Second, as to the instruction granted on the application of the plaintiff. If the administrators fradulently allowed Shuroure a larger amount for his services than they believed him justly to be entitled to, the excess thus paid was in effect a gift to him of so much of the assets of the estate of the insolvent. It was a fraudulent wasting of the estate. It cannot be questioned that this was such an act as to render them liable for a *devastavit*.

Assuming that the sums paid to Shuroure were disbursed pursuant to a valid order of the court of probate, or that an amount embracing these charges had been rendered by the administrators and allowed by the court, according to the decision above quoted, such allowance would have constituted no bar to the present action. Such, however, does not appear to have been the case. It is shown by the bill of exceptions,

tendered by the defendant, that Fisher and Grayson had died before the commencement of this suit; and that Mrs. Brown had afterwards surrendered her letters of administration without accounting for the assets of the estate in her final settlement; and that no regular account of their administrative acts had been rendered by the administrators and administratrix prior to the institution of the suit.

Let the judgment be affirmed.