BENJAMIN D. ANDERSON, Adm'r, &c. *v.* WILLIAM P. TINDALL, Judge, &c.

In cases of insolvent estates, the rights and liabilities of the parties in interest are ascertained and fixed by the report of the commissioners and the decree for distribution, and when that is done, the executor or administrator ceases to be responsible in his fiduciary capacity as to all the assets which have been reported and accounted for.

Creditors whose claims have not been presented to the commissioners, are barred as to all assets which have been reported; and the executor or administrator becomes personally responsible to each creditor for his distributive share.

What was before a debt due in a representative capacity, becomes a personal obligation for which an action may be brought in the circuit court upon the bond, and the execution which issues on the judgment is to be levied of the lands and chattels of the executor or administrator.

After the report of the commissioners of insolvency and the decree directing a distribution among the creditors, the executor or administrator is no longer accountable to the court.

The fiduciary character of an executor or administrator would attach in the event of the discovery of assets after the report of the commissioners and the decree of the court directing a distribution of the same to the creditors, or of assets which were not accounted for, and he would be accountable to the probate court in the course of their due administration, as well as responsible in his representative capacity to a creditor whose claim had not been presented to, and adjudicated by the commissioners. *Held,* that with these exceptions, the decree of distribution terminates the relation which existed between the representative of a decedent's estate and the court.

On appeal from the probate court of Pontotoc county; Hon. William P. Tindall, probate judge.

At June term, 1852, of the probate court of Pontotoc, a citation was ordered requiring the appellant, as administrator of Aaron Root, deceased, to appear at the July term following, and settle his administration account. This citation was served; and, at the July term, an order was made granting until the next term "to settle his annual account."

At the August term, appellant answered, setting forth that at the April term, 1840, of that same court, he had duly reported the estate insolvent, and that on said report the court

Anderson *v.* Tindall.

declared the estate insolvent, and appointed commissioners of insolvency according to law.   That at the June term, 1843, the commissioners reported the amount of the assets and the claims proven, and the court at the December term, 1844, had decreed a distribution among the creditors accordingly.   It is further answered, that said court at March term, 1845, had ordered the administrator's bond to be put in suit against him and his sureties, for the benefit of the creditors among whom the distribution had been decreed.   The answer insisted, that the facts shown exonerate the administrator from further liability to report annual accounts of his administration, unless further assets had come to his hands, which the answer negatives, and denies that the court had any further jurisdiction in the premises.

The probate court decreed that the answer of appellant be overruled, from which he prayed this appeal.

*Price* and *Jackson*, for appellant,

Contended that the decision of the court below was erroneous, and cited Hutch. Co. 668; 8 Mass. 282; North on Prob. 159, note 16; *Hooker* v. *Hooker*, 10 S. & M. 599; *Pendleton* v. *Prestidge*, 12 Ib. 302.   This last case does not apply to orders or decrees of probate courts.

*G. T. Swann* on the same side.

No counsel for appellee.

Mr. Chief-Justice SMITH delivered the opinion of the court.

The appellant was cited in the court of probates of Pontotoc county, to make an annual settlement of his accounts as the administrator of the estate of Aaron Root, deceased.   The appellant filed an answer to the citation, in which he stated, that, in 1841, upon a report being made of the condition of the estate, and upon his suggestion it was declared insolvent by the court of probates; and thereupon, commissioners of insolvency were appointed.   That the commissioners reported in 1844, when a dividend of thirty per cent. was declared on the amount of

Anderson *v.* Tindall.

claims presented and allowed, and ordered to be paid to the creditors; that this order of distribution was never appealed from, and that it remains in full power; that since said decree of distribution, to wit, in 1845, at the instance of the creditors, his bond as administrator was directed by an order of said court to be put in suit; that no assets have come into his hands since the showing of insolvency, and that he has accounted for all which he had received before that time. The respondent insisted that these transactions constituted a full administration of the estate, so far as the court of probates was concerned; hence, that the court had no jurisdiction to require him to make annual settlements. The answer was overruled, and a decree rendered, ordering him to settle his annual accounts, from which an appeal was taken to this court.

Whether this decree was correct, is the only question in the case.

In cases of insolvent estates, the rights and liabilities of the parties in interest, the creditors and the administrators, are ascertained and fixed by the report of the commissioners and the decree for distribution. When that is done, the executor or administrator ceases, as to all the assets which have been reported and accounted for, to be responsible in his fiduciary capacity. Creditors, whose claims have not been presented to the commissioners, are barred as to all assets which have been reported. The executor or administrator becomes directly and personally responsible to each creditor for his distributive share. What was before a debt due in a representative capacity, becomes a personal obligation, for which an action may be maintained in the circuit court, upon the bond; and the execution which issues on the judgment is to be levied of the lands and chattels of the executor or administrator.

Hence, as to all undiscovered and unreported assets, the report of the commissioners of insolvency and the decree directing a distribution amongst the creditors, constitutes, so far as the jurisdiction of the court of probates is concerned, a full and complete administration. The executor or administrator is then no longer amenable to the court. He cannot be called on to make a settlement, for the obvious reason that there is nothing to be accounted for to the court.

In the event of the discovery of assets, after the report of the commissioners of insolvency, and the decree directing a distribution of the fund in the hands of the administrator, or of effects which were not accounted for by the executor or administrator, his fiduciary character would attach; hence, as a necessary consequence, he would be amenable to the court in the course of their due administration. Under certain conditions, he would be responsible, in his representative capacity, to a creditor whose claim had not been presented to, and adjudicated by, the commissioners. With these exceptions, it cannot be doubted, that the decree for distribution terminates the relation which exists between the representative of a decedent's estate and the court. In the case at bar, it is not pretended that effects of the decedent had come into the possession of the administrator, which were unaccounted for, or that property, either real or personal, belonging to the estate of the intestate had been discovered by his creditors; we, therefore, are of opinion, that the court erred in overruling the answer, and requiring the administrator further to account.

Let the decree of the court of probates be reversed, and the citation dismissed.