WILLIAM H. COLE, Adm'r, &c., *v.* WALTER F. LEAKE et ux

L. and wife filed a petition in the probate court against W. H. C., administrator of P. H. C., deceased, alleging that there were unadministered assets in the administrator's hands subject to distribution to the petitioners and other heirs of the deceased, including the administrator, who was one, and that the deceased had made advancements to each of them, but in unequal proportions, giving much the larger share to the administrator, and praying for distribution of all the unadministered estate, and that the advancements be brought into hotchpot. Among other allegations of assets in the administrator's hands subject to distribution, the petition states that in settling two judgments which the administrator held against the deceased, he charged interest at the rate of ten per cent. when he was only entitled to six per cent. interest, and that he received certain slaves of the estate at their appraised value in payment of said judgments, and interest at the rate of ten per cent.; and that petitioners refused to sanction the settlement, but hold the administrator accountable for the excess of interest received by him. The petition was demurred to, which was overruled by the court: — *Held* that, by petition was the proper mode of bringing the administrator's accountability for his indebt-

Cole *v.* Leake et ux.

edness to the estate before the court, for distribution as well as all other assets of the estate; though it was not competent for the court to take cognizance of real estate given to the heirs and to bring it into hotchpot.

It was proper for the probate court to treat the shares given by P. H. C., the deceased, to his children as equal portions of his property, as he so intended them, and to make distribution only of what remained as assets in the administrator's hands.

The administrator is chargeable for the excessive rate of interest in settling his judgments against the estate, and he will be considered as holding the amount of excess as that amount of assets subject to distribution; and being assets improperly withheld from distribution, he is chargeable with interest upon the amount; and for the same reason the administrator is chargeable with interest for the sale of cotton belonging to the estate.

An administrator is chargeable with all claims or demands due the estate of his intestate and reported to the court; unless he shows to the court that he had used reasonable diligence and failed to collect them.

Where an administrator converts the property belonging to the estate to his own use, he is accountable to the estate or heirs for its ascertained value.

In error from the probate court of Kemper county; Hon. James F. Johannon, judge of the probate court of Kemper county.

The opinion of the court contains the material facts of the case.

*T. J.* and *F. A. R. Wharton* for appellant.

The excess of interest received by the administrator was not a subject-matter for hotchpot distribution, but would constitute him only a debtor to the estate. *Crosby* v. *Covington,* 24 Miss. R. 619. For a similar reason the court could decree a distribution of the sum claimed for the hire or use of the negroes jointly by the administrator and deceased.

The petition is incongruous. *Greer* v. *Greer,* 3 S. & M. 256. On the subject of hotchpot, see Hutch. Co. 628, § 51.

The administrator ought not to have been chargeable with the amounts of the notes until they were collected. *Berry* v. *Parks,* 3 S. & M. 625; Hutch. Co. 669, § 109.

*D. C. Glenn* for appellants.

Only so much as is connected with the decree will be noted.

1. Twelve months had expired since letters granted, and the parties tendered a refunding bond or bonds.

2. The proceeds of the crop of 1848 with interest, was properly distributable, as assets and proof was made.

3. The amount of administrator's sale bill of perishable property of estate, was also properly distributable.

4. The proof also shows that Cole was clearly liable for the excess of interest which he had exacted on judgments against the estate.

5. The five slaves, Easter, Alfred, Albert, George, and Hannah, are charged and admitted to be property of the estate. The administrator claims to hold them by virtue of the consent of his codistributees in payment of notes he says he held against decedent; but of this there is not one particle of evidence, and consequently these slaves must be distributed as other property; and the distributees were properly allowed their election of their share of the value of these negroes.

6. The notes were properly distributed.

The principles of this decree were most manifestly correct. If there is any technical error, this court will render such decree as the court below should have rendered.

Mr. Justice HANDY delivered the opinion of the court.

The defendants in error filed their petition in the probate court of Kemper county against the plaintiff in error, as administrator of Peter H. Cole, deceased, alleging in substance that there were unadministered assets in the administrator's hands, subject to distribution to the petitioners and other heirs of the deceased, including the administrator, who was one of them, and that the deceased had made advancements to each of them, but in unequal proportions, giving much the larger share to the administrator, and praying for distribution of all the undistributed estate, and that the advancements be brought into hotchpot. Among other allegations of assets in the administrator's hands subject to distribution, the petition states that in settling two judgments which he held against the deceased, he charged interest at the rate of ten per cent., where he was only entitled to six per cent. interest, but under an agreement that

Cole *v.* Leake et ux.

the matter should be corrected if the other heirs disapproved of it; and thereupon that he received certain slaves of the estate at their appraised value in payment of the judgments and interest at the rate of ten per cent., and that the petitioners refused to sanction the settlement, but hold him accountable for the excess of interest received by him.

The administrator demurred to this petition upon the following grounds, in substance. Multifariousness, in uniting incongruous matters in one bill; an effort to correct alleged errors of the circuit court in rendering the judgments above mentioned; seeking to examine matters belonging to another estate; to compel the administrator to make distribution of mere demands against him, and to bring into hotchpot both real and personal estate for distribution, and without any offer by the petitioners to bring into hotchpot the property received by them as an advancement.

This demurrer was overruled, and we think it was properly done. It is founded on error in fact in assuming that the petition sought to correct the judgment of the circuit court, and that there was no offer to bring into hotchpot the property advanced to the petitioners. The petition seeks to correct the settlement of the judgment made by the administrator, not the judgment itself, and it distinctly alleges that the advancements, referring to those made to all the parties, should be brought into hotchpot. So far as it seeks to hold the administrator accountable for his indebtedness to the estate, it was the proper mode of bringing such assets under the power of the court for distribution; and though it was not competent for the court to take cognizance of real estate given to the heirs and to bring it into hotchpot, and as to that the petition would be demurrable, yet the petition as to personalty was sufficient; and therefore the demurrer, though good as to part of the petition, was properly overruled to it as a whole.

Upon the final hearing of the petition, on answer and proofs, the court decreed against the administrator upon several items of account. These are made the ground of objection here, and such of them as could admit of any doubt will be noticed.

It is first objected by the plaintiff in error, that the property

given by the intestate to the several heirs by way of advancement, was not required by the court to be brought into hotch-pot. This, it is true, was sought by the petition; but it was shown by the testimony to be unnecessary, and it was not insisted upon by the administrator. It was, therefore, proper for the court to treat the shares given by the deceased to his children as he is proved to have intended them, as equal portions of his property, and to make distribution only of what remained as assets in the administrator's hands.

As to the excessive rate of interest received by the administrator in settling his judgments against the estate, under his own agreement he was clearly accountable to the estate for it, and under the circumstances of the case, he is to be considered as holding the amount of excess of interest retained by him as that amount of assets of the estate subject to distribution, and being assets improperly withheld from distribution, he was chargeable with interest upon the amount. For the same reason, he was properly charged with interest upon the money received by him for the sale of cotton belonging to the estate.

It is also objected, that the administrator is decreed to pay the sums reported by him more than two years before the date of the decree, for the sale of perishable property and for solvent notes belonging to the estate. We can perceive no error in this. If these amounts had not been collected, it was an easy matter for him to make that appear to the court; and if he had exercised proper diligence, and had failed to collect them, he would not have been chargeable. But there is nothing shown to that effect, and he was, therefore, properly charged with these amounts.

The last objection deemed necessary to be noticed is, that the administrator is charged with the appraised value of five slaves. These slaves, he alleges, he retained by the consent of the other distributees, in payment of notes alleged to have been due him from the deceased. There is no proof to sustain this claim, and of course the slaves are to be considered as the property of the estate. But it is objected, that the decree did not order the slaves to be divided among the distributees, but directed the administrator to account for them at their appraised value, and

to pay the petitioners their proportion thereof. It is shown by the statements of the decree that the slaves had been converted by the administrator to his own use, and that must be taken in this proceeding to be true. If so, the property was not within the power of the court, and the administrator having appropriated it to his own use, cannot complain that he is held accountable for it in the only practicable way, and that is for its value as shown by his own proceedings and the records of the court. If the valuation was excessive, he might possibly have been allowed to show it; but having converted the property to his own use, he cannot be heard to complain that he is charged with its value.

We perceive no error in the decree, and it is therefore affirmed.