JESSE R. POWELL, Administrator, *v.* M. M. COOPER.

1. INSOLVENT ESTATES: CREDITOR, WHO HAS PROBATED AND REGISTERED HIS CLAIM, NOT REQUIRED TO FILE WITH THE COMMISSIONER OF INSOL- VENCY. — The creditor of an insolvent estate, who, before the declaration of insolvency, had probated and registered his claim under the general no- tice to creditors, is not required, under the provisions of art. 101, p. 449, of

the Revised Code, to make a formal presentation of the claim to the commissioner of insolvency. — *Gibbs v. Sims*, 41 Miss. 706.

2. EXECUTORS AND ADMINISTRATORS: INTEREST WHEN LIABLE FOR, AND AT WHAT RATE. — Executors and administrators, using for their individual purposes money of the estate that may come into their hands, are chargeable with the highest legal rate of interest thereon, notwithstanding the judicious management of the estate in their hands.

3. PROBATE COURT: JURISDICTION TO AWARD EXECUTION IN FAVOR OF CREDITOR AGAINST ADMINISTRATOR OR EXECUTOR OF AN INSOLVENT ESTATE. — On distribution of an insolvent estate, the Probate Court has the power to decree the issuance of an execution in favor of a creditor and against the administrator or executor, personally, for the amount ascertained to be due the creditor; in such a case, the execution should not issue before a demand of payment by the creditor, or until after ample time for such demand.

APPEAL from the Probate Court of Madison county. Hon. W. S. Bailey, judge.

At the November Term, 1867, of the Probate Court of Madison county, E. D. Wade, clerk, presented a list of claims probated, registered, and filed with him against the estate of S. H. Lanier, deceased, of which appellant was the administrator *de bonis non*, and which had been previously declared insolvent; notice of said declaration of insolvency had been published as required by law. In this list of claims is one in favor of Geo. W. Gillam for $8,209.95, being a judgment in Madison Circuit Court, rendered on 1st October, 1866.

Appellant and W. M. Fowler, a creditor of the estate, excepted to the report of Wade, clerk and commissioner, for the following reasons:

1. Because the claim of Geo. W. Gillam, which is embraced and included in said report, was not presented to said commissioner until after the time allowed and prescribed by law.

2. For other causes to be shown on the hearing.

On the trial of these exceptions the following testimony was introduced:

E. D. Wade testified — That the claim of Geo. W. Gillam was not presented to him until after twelve months from the date of the first publication to creditors to present their claims against the insolvent estate, and had no actual knowledge of said claim

until it was presented as stated; that it was probated and reg-
istered on the 1st of January, 1861.

It was then shown that suit was instituted on the claim on
13th of February, 1866, in Circuit Court of Madison county,
and judgment rendered 1st of October, 1866, and which judg-
ment was enrolled.

J. R. Powell, appellant — That in 1865 and 1866 he sold cot-
ton belonging to his intestate amounting to the sum of $———;
that the amount was placed to his credit by his commission
house in New Orleans, and used by him; that the Probate
Court made no order requiring him to loan the money out;
that money was loaned at eight and ten per cent.

A number of witnesses testified as to the judicious manage-
ment of the estate.

At the March Term, 1868, the court decreed, that the excep-
tions to the allowance of the claim of Gillam be overruled
and said claim allowed, and the report of the commis-
sioner be confirmed, exhibiting claims against the estate
amounting to $52,603.64; "and it appearing to the satisfaction
of the court that the account of the administrator exhibits a
balance in his hands of $11,405.88, and it also appearing from
proof that the money charged in said account had been em-
braced therein without interest, and that the same had been
received by him as early as January 1st, 1866, and used in his
commission house in New Orleans, and that sometimes he
paid eight and sometimes ten per cent interest for the use of
money," it is ordered, that interest at ten per cent, from the 1st
of January, 1866, until the allowance of said account, be calcu-
lated on the balance reported; that commissions be allowed the
administrator; that the *pro rata* share of the creditors is fifteen per
cent, making the following amounts due to each (here follows
a statement of name of each creditor and amount allowed him);
it is ordered that appellant pay to each of the said creditors the
amount allowed to each, "for which execution shall go in favor
of each creditor."

From this decree appellant prayed and obtained an appeal to
this court, and assigns the following errors:

1. Because the court overruled the exception to the allowance of the claim of G. W. Gillam.

2. Because the court erred in charging appellant with ten per cent interest.

3. Because the court erred in ordering execution against appellant in his personal capacity in favor of each creditor.

*Luckett & Fearn* for appellant.

1. The claim of G. W. Gillam was bared, not having been presented to the commissioner of insolvency within twelve months from date of first publication to creditors. See R. Code, § 12, art. 101, p. 449; and also *Anderson* v. *Tindall,* 26 Miss. R. p. 332. Art. 103, p. 450, Revised Code, relied upon by appellees, cannot help them, for *it evidently* refers to registration in the book of registry to be kept by the Probate Clerk as clerk of *that* court, and not as commissioner of insolvency; *and to that* extent, and only to that extent, is the decision in the case of *Perry, executrix,* v. *West, administrator,* reported in 40 Miss. R. p. 233 *et sequens,* upon which appellees rely. The decision in the case of *Anderson* v. *Tindall,* above referred to, was made under Hutchinson's Code, p. 668, which is substantially the same as in Revised Code above cited.

2. Powell, the administrator, should not have been charged with ten per cent interest. There is no proof showing that he used the money received from the sale of the cotton advantageously, or that it was worth to him either six, eight, or ten per cent, by way of interest. The only proof was, that he had paid eight, and sometimes as high as ten per cent, for borrowed money. It is evident from the proof that he never was ordered by the Probate Court to loan out the money, or that he agreed to take it on interest. Powell as trustee was not chargeable with more than he had received, unless there was evidence of gross negligence amounting to wilful default, and of this there was no proof, but on the contrary. *Osgood and others* v. *Franklin and others,* 2 Johnson's Chancery R., top p. 26, side, ib. 27, and authorities there cited. Trustees will not be held responsible on slight grounds, or where there is evidence of fair

and upright intention. *Hart* v. *Ten Eyck and others*, 2 Johnson's C. R. p. 76. If interest is allowable, as to when it shall commence. 1 J. C. R. 108. Six months after reception of fund is a reasonable time.

3. The court erred in ordering execution against Powell for the amount reported by the commissioner, E. D. Wade, clerk, etc. When the estate was declared insolvent, all matters passed from the administrator *de bonis non* into the hands of the Probate Clerk of Madison county, E. D. Wade, as commissioner of insolvency. The jurisdiction of the Probate Court over the administrator, J. R. Powell, ceased, except as to amounts unaccounted for, of which there is no proof; and the remedy and the only remedy of creditors was by suit in the Circuit Court of Madison county against Powell and his sureties upon his administration bond for their *pro rata* share. See *Anderson* v. *Tindall*, 26 Miss. R. p. 332.

*John D. Freeman* for appellee.

SHACKELFORD, C.J., delivered the opinion of the court.

This is an appeal from the final decree of the Probate Court of Madison county, rendered on the 13th day of November, 1867, upon the report of the commissioner of insolvency, and the proof in the cause, against J. R. Powell, the appellant.

The report of the commissioner, E. D. Wade, and all the proof in the case, are embodied in the bills of exceptions taken and allowed at the hearing.

The first error assigned is, that "the court erred in overruling the exceptions taken to the allowance of the commissioner, Wade, of the claim of G. W. Gillam."

The proof shows that the claim of Gillam had been regularly probated and registered in the office of the clerk of said court, on the 1st January, 1861.

That it was not presented to the commissioner within the twelve months allowed from date of the publication of the insolvency of the estate of Lanier. That on the day previous to the expiration of the time for presentation of claims, etc., the

attention of the commissioner was called to said claim by the administrator, Jesse R. Powell; that judgment had been rendered against him in the Circuit Court of Madison county upon Gillam's claim, as administrator of Lanier's estate, for $7,745.84, on the 1st day of October, 1866, which had been regularly enrolled on the judgment roll of said court.

Exceptions were taken to the allowance of this claim by the appellant, and William M. Fowler, a creditor of said estate.

The exceptions were overruled, and the claim of Gillam was ordered to remain in the report of commissioner as allowed.

We consider it unnecessary to refer to the argument of counsel, in support of this assignment of error, in his construction of the statute of Revised Code, art. 101, § 12, p. 449, under which these proceedings were had, as the question at issue has been decided by this court in the case of *Gibbs* v. *W. H. Sims, administrator*, 41 Miss., the case before us being a much stronger one in favor of Gillam than that of Gibbs.

In the case under consideration the claim was filed with the commissioner, and embraced in his report of the 18th of October, 1867.

The court decided correctly in overruling the exceptions to the allowance of Gillam's claim.

The second assignment of error is, that "the court erred in charging the appellant ten per cent interest."

This court has repeatedly held that an administrator is liable for interest under a certain state of facts: for instance, when an administrator has sold cotton belonging to the estate (*Cole* v. *Leake*, 27 Miss. p. 767); or on a balance in his hands after a final settlement, until payment. *Smith's Executor* v. *Hurd*, 8 S. & M. Rep. p. 682.

When through a series of years the administrator showed cash balances, and never paid over the money, he was chargeable with *compound interest. Crowder, administrator, et al.* v. *Shackelford et al.* 35 Miss. p. 321; *Brandon et al.* v. *Hoggart*, 32 Miss. p. 335. It is a well-settled principle of law, that, when a trustee mingles the trust money with his own and uses it, he should be held accountable to the *cestui-que*

*trust* for interest. 9 Pick. 368; 9 John. p. 71, and cases therein cited.

Counsel contend that the appellant should not be charged with interest, because the proof in the cause shows that the estate was judiciously managed by the appellant. The proof is ample on this point. This proof establishes the claims of the appellant to a liberal allowance by the court; beyond this we cannot see why he should be exempt from the payment of interest, as he admits in his testimony on the final hearing of the cause that he sold the cotton of the estate, and placed it in his commission house in the city of New Orleans, and then used it in his business. The facts of the case in this particular are analogous to those in the cases before cited; he is clearly liable for interest.

The authorities cited for our consideration on this point are not applicable to the facts of the case before us.

The only question left for us to consider in this connection is whether the appellant should be charged with eight or ten per cent interest.

He admitted in his testimony that he sometimes paid for the use of money eight, and sometimes ten per cent interest per annum.

It appears from the proof in the cause, that the appellant was not ordered by the court to loan out the money of the estate, and in consideration of this fact counsel for appellant contend that he should not be charged with ten per cent, the legal interest for the *bond-fide* loan of money allowed by the Revised Code, but that, if he is to be charged with interest, it should be the legal interest of the State, when no interest has been agreed upon.

If the appellant did not wish to use the money of the estate in his hands, he should have signified to the court his unwillingness; or, if he desired an order to loan it out, the court would have ordered it to be loaned out at ten per cent interest; and then, if he could not have done so at the rate of ten per cent, he could have obtained an order for its loan at a lesser rate. If he could not have obtained eight per cent, he could have been

authorized by the court to retain it, and use it at a rate less than ten per cent, or at such rate, of interest as the court should have ordered.

His having failed to do any of these things, the conclusion is irresistible, that the appellant was willing to pay the highest rate of interest.

Another reason why he should be charged with this rate of interest is, that a trustee is not allowed in any case to use the funds of the *cestui-que trust* for his own profits.   If he were to be required to pay only eight per cent or a lesser rate, he would be deriving a profit from the funds, which the law does not allow.

For these reasons, we think the decree in this respect is correct, and should not be disturbed.

We come now to the consideration of the third and last assignment of error, which is, " that the court erred in ordering execution against Powell in his personal capacity for the amounts due the creditors *pro rata*, as per report of E. D. Wade, commissioner, etc."

It is insisted by counsel for appellant, that the jurisdiction of the Probate Court over the appellant *ceased* when the court appointed the clerk commissioner of insolvency, " except as to amounts unaccounted for, of which there is no proof ; " and that the only remedy of the creditors was by suit in the Circuit Court, against appellant and his sureties upon his administration bond, for their *pro rata* share, and rely upon the case of *Anderson* v. *Tindall, Judge, etc.,* 26 Miss. R. p. 332.

We have carefully considered the case of *Anderson* v. *Tindall,* and can find nothing in the opinion of the court sustaining the construction placed upon it by counsel for appellant.

In the case of *Anderson* v. *Tindall* the appellant was cited to make or render an annual settlement of his accounts as administrator of Aaron Root, deceased.

He filed his answer, showing that the estate was insolvent, that he reported it as such, and the estate declared insolvent ; and that commissioners were appointed, and that they had re-

ported, and a dividend declared on the amount of claims presented and allowed, and ordered to be paid to the creditors.

That the order was never appealed from; that since said decree of distribution, at the instance of the creditors of the estate, his bond as administrator was directed by the court to be put in suit. *That no assets had come to his hands since the showing of insolvency, and that he has accounted for all which he had received before that time.*

Anderson, the respondent, insisted that these transactions constituted a full administration of the estate, so far as the Court of Probate was concerned.

The court say (Chief Justice Smith delivering the opinion of the court): " In cases of insolvent estates, the rights and liabilities of the parties in interest, the creditors and the administrators, are ascertained and fixed by the report of the commissioners, and the decree of distributions. When that is done, the executor or administrator ceases, as to all the assets which have been reported and accounted for, to be responsible in his fiduciary capacity." " The executor or administrator becomes directly and personally responsible to each creditor for his distributive share; what was before a debt due in are presentative capacity becomes a personal obligation, for which an action may be maintained in the Circuit Court upon the bond; and the execution which issues on the judgment is to be levied of the lands, tenements, and chattels of the executor or administrator."

" This is a complete administration. The executor or administrator is then no longer amenable to the court: he cannot be called to make an account, for the obvious reason that there is nothing to be accounted for to the court."

It is manifest that the decision in the case of *Anderson* v. *Tindall* goes only to the extent of sustaining the answer of Anderson, which shows that he had accounted for all the assets of the estate he had ever received, and that he had received no further assets since the order distributing the same among the creditors; he insisted that he was no longer subject to the jurisdiction of the court, that the estate was settled up, and that

he was not compelled to make an annual account to the court, as he had been cited to do.

The Probate Court decreed that the answer of Anderson "should be overruled," and the court held that he should settle his final account. The decree was reversed by this court, on the grounds hereinbefore stated.

There is not the least indication in the opinion in the case of *Anderson* v. *Tindall*, by the court, that a probate court could not order process of *fieri facias* given by the statute then in force—Hutch. Code, art. 34, p. 727 (the same as the statute, Revised Code, p. 431, art. 31)—and which authorized the court to imprison an administrator for contempt for not obeying a decree of the Probate Court. This latter portion of the statute having been omitted in the Code of 1857, is no longer in force.

It will be also seen that in December, 1844, the decree of distribution was made by the court, *and that at the March Term*, 1845, the court ordered his bond to be put in suit against himself and sureties. This was done evidently because the administrator failed to pay over the funds in his hands to the creditors.

The court still continued its jurisdiction over the administrator, after his failure to perform his duty to the creditors of the estate, by ordering at a subsequent term his administration bond to be put in suit.

The court in the case of *Anderson* v. *Tindall* could have ordered an issuance of executions of *fi. fa.* in case the administrator failed to comply with the decree of distribution. Hutchinson's Code, p. 727, art. 34. But the court saw proper to order the administration bond to be placed in suit, no doubt upon the ground that the administrator was insolvent.

The decree objected to and under consideration does not direct the administration bond to be placed in suit, but orders that " execution may go " in favor of the creditors named in the report of the commissioner, Wade, made a part of the decree. Of course the executions would be issued, to be levied of the goods, chattels, and lands and tenements of appellant.

This order for " execution to go," made under the provisions of the statute in Revised Code, art. 31, p. 431, giving the power to Probate Courts to enforce their decrees by process of *fieri facias*, certainly cannot be construed into a violation of any principle announced in the case of *Anderson* v. *Tindall.*

The administration bond is the *security* to the creditors or legatees of an estate; and when all other remedies provided by law for the creditors, etc., of an estate are exhausted, the bond can be placed in suit for their benefit. This remedy is still left to the creditors, in case they should fail to collect their money of the appellant, and also fail to collect the same by virtue of process of *fi. fa.*

The decree is objectionable in this, that the order that " execution shall go " is not made conditional upon the failure of appellant to pay over the money decreed to the creditors, on their demand.

An issuance of execution in favor of the great number of creditors embraced in the report of the commissioner, before a demand of each for his money of appellant, would lead necessarily to great and unnecessary expense, which would have to come out of the funds in the hands of the appellant. Though, under the circumstances, we think the decree should not be disturbed for this cause, as there has been ample time from the rendition of the decree for demands to have been made, and an issuance of *fi. fa.* against him would work no injury.

Let the decree be affirmed.