45  347
72  697

THE STATE OF MISSISSIPPI, for the use of CLARK, WEST & Co. v. H. W. BOWEN et al.

1. PLEADING — WHEN A DEMURRER TO A PLEA CARRIED BACK TO THE DECLARATION. — Under art. 108, page 498, Revised Code, 1857, if the declaration is so defective that judgment cannot according to law be given for the plaintiff, then a demurrer to a plea can be carried back to the declaration. The defect must not be in form and technicality, but radical, going to the right of recovery.

2. SAME — HOW TO PLEAD THE JUDGMENT OF A COURT OF SPECIAL JURISDICTION. — Art. 82, page 491, Revised Code, 1857, materially modifies and relaxes the common-law rule of pleading a judgment or decree of a court of special jurisdiction, by dispensing with "a statement of the facts conferring jurisdiction." It is enough to allege "that such judgment or determination was duly given or made."

3. PROBATE COURT — EFFECT AND SANCTION OF "THE ALLOWANCE OF A CLAIM AGAINST A DECEDENT'S ESTATE." — The allowance of a claim against the estate of a decedent on ex parte evidence by the probate court, serves no other purpose but to protect the estate, and indemnify the administrator, it does not import the verity, sanction or conclusiveness of a judgment.

4. SAME — EFFECT AND SANCTION OF THE CONFIRMATION OF THE REPORT OF COMMISSIONER, IN INSOLVENT PROCEEDINGS, AND DIRECTION TO THE ADMINISTRATOR TO PAY THEIR PRO RATA SHARES TO CREDITORS. — In insolvent proceedings, the confirmation of the report of the commissioner to take proof and audit the claims of creditors, becomes a judgment conclusive; and the direction to the administrator to pay a sum certain or a pro rata amount to the creditors is a final judgment, personally binding on the administrator, and on which the creditors may have execution against him personally. It is also conclusive that the administrator had in hand assets of the decedent, equal to the amount ordered to be disbursed.

5. PLEADING — WHAT FACTS PRESUMED, IN PLEADING A JUDGMENT OF THE PROBATE COURT, IN A SUIT ON AN ADMINISTRATOR'S BOND. — If in any state of facts the probate court can render a judgment in favor of a creditor, we must presume in counting upon a judgment in that court, in a suit upon the bond, that it was rendered on the state of the case where the jurisdiction existed.

6. PROBATE COURT — FORM OF THE DECREE DIRECTING THE ADMINISTRATOR TO PAY THE CREDITOR HIS DISTRIBUTIVE SHARE OF THE INSOLVENT'S ESTATE. — In directing the administrator to pay the creditor his distributive share of the insolvent's estate, the probate court may put the decree in the form of a certain per centum, on the whole claim, or may ascertain the aliquot part of the creditor, and direct its payment.

7. SUITS ON ADMINISTRATOR'S BONDS — WHAT A CREDITOR CAN RECOVER IN SUCH SUIT. — A creditor can only recover for his distributive share in a suit on the administrator's bond. It is otherwise, however, if he sues for assets not distributed but wasted.

8. PROBATE COURT — LIABILITY OF THE ADMINISTRATOR, WHERE ALL THE ASSETS HAVE BEEN ACCOUNTED FOR. — If the administrator has accounted for all the assets, he cannot be called upon after a decree to pay the creditors their

aliquot dividends, unless upon the suggestion that there are other assets discovered, which have not been administered.

9. PLEADING — MODE OF PLEADING TO A DECLARATION ON A BOND, WITH BREACHES ASSIGNED — NIL DEBET NOT AN ANSWER. — In declaring upon a bond with a condition, the statute requires the condition to be set out and breaches assigned. These breaches are in the nature of several causes of action, and to them the defendant must make response. *Nil debet* is not an answer.

ERROR to the circuit court of Warren county. BROWN, J.

The facts appear in the opinion of the court.

*R. Barnett*, for plaintiffs in error.

The defendant cannot plead *nil debet* to an action of debt on a bond, with collateral condition, and breaches specially assigned in the declaration. Walker, 504 ; William v. Guiquard, 2 How. (Miss.) 722, 723 ; Mills v. Duryee, 7 Cranch, 481 ; 2 Tucker's Com. 103 ; Bagget et al. v. Beard, 43 Miss.

The demurrer should not have been extended back to the · declaration. Rev. Code, § 15, art. 122; ib. § 31, p. 431 ; Burness v. Fisher, adm'r, 23 Miss. 228, 232 ; Randolph v. Singleton et al., 12 Smedes & Marsh. 439, 444 ; Cogan et al. v. Duncan, Judge, etc., 1 Cush. 274 ; Lee v. Gardiner, 26 Miss. 521 ; Turner v. Ellis, 24 ib. 173.

*H. F. Cook*, for defendants in error.

The decree of the probate court was informal and void. Rev. Code, 1857, p. 450, art. 102. And so the relators were not entitled to sue on the bond. Burrus v. Fisher, 23 Miss. 228 ; Bass v. Heard et al., 33 ib. 131, 133. The personal liability of the administrator did not commence until a legal decree of distribution by the probate court. 23 Miss. 228 ; Anderson v. Tindall, 26 ib. 332. As Manlove, the surety, was not heard in the probate court, he has a right to make his objections to the decree, as defense to a suit on the bond. Lipscomb v. Pastell, 38 ib. 476.

If valid, the decree of the probate court should have been enforced by execution from that court, and not by a suit on the bond, until a return of *nulla bona* had been obtained on the execution against the administrator. Rev.

Code, 1857, p. 431, § 31; Powell v. Cooper, 42 Miss. 221 ; Powel v. Burrus, 35 ib. 605 ; ib. 617 ; West v. Gibbs, 42 ib. 168.

Where in debt or specialty, the deed is only the inducement to the action and, in matter of fact, the foundation, "*nil debet*," may be pleaded. Mathews v. Redvine, 23 Miss. 233 ; 1 Selwin's Nisi Prius, 560, note 1.

In an action at law on an administrator's bond, no recovery can be had without proof of damages, and that the condition has been broken ; for it is only on such a contingency that a right of action accrues. Green v. Creighton, 7 Smedes & Marsh. 197 ; Vick v. House & Selsen, 2 How. 617 ; Carmichael v. the Governor, 3 ib. 236. Such proof was inadmissible under the averments in the declaration, and it was therefore unquestionably bad.

SIMRALL, J.:

Suit was brought by Clark, West & Co. as relators on the bond of Henry W. Bowen, administrator of the goods, etc., of D. McCullum, deceased, C. A. Manlove being surety. The averment of the declaration is in substance that Clark, West & Co. were, by the judgment and decree of the probate court of Warren county, declared to be the creditors of the estate of D. McCullum, deceased, and said Bowen was ordered to pay them the sum of $1,502, their debt, and that ample assets, to the amount of $5,000, came to his hands as such, which he refused to apply to the payment of their debt. Among other pleas, the defendants pleaded *nil debet*, to which the plaintiff demurred. The court applied the demurrer to the declaration, and held it insufficient. That ruling presents the only question for decision here. It has been suggested, as a doubt, whether under art. 108, p. 495, a demurrer to a plea can be carried back to the declaration. The court is forbidden to notice "any defect or imperfection," except such as shall be specially assigned, unless, however, something so essential is omitted as that judgment according to law and the right

cannot be given. If the declaration is so defective, as that judgment according to law cannot be given for the plaintiff, then the demurrer may be applied to it. The defect must not be in matter of form and technicality, but must be radical, going to the right of recovery. Article 82, p. 491, materially modifies and relaxes the common-law rule of pleading the judgment or decree of a court of special juris-jurisdiction, by dispensing with "a statement of the facts conferring jurisdiction.". It is enough to allege "that such judgment or determination was duly given or made."

Generally, the probate court has no jurisdiction to decree the payment of a debt to the creditor of a decedent. The allowance of the claim on *ex parte* evidence serves no other purpose than to afford a protection to the estate against false and fraudulent demands, and to give immunity to the administrator for paying them, unless he has reason to believe that they are unfounded. But such allowance does not impart the verity, sanction or conclusiveness of a judgment. In insolvent proceedings the probate court has plenary jurisdiction as between the administrator and cred-itors. The confirmation of the report of the commissioner, to take proof of and await the claims of creditors, becomes a judgment conclusive, and the direction to the adminis-trator to pay a sum certain, or a *pro rata* amount to the creditors is a final judgment. Thereafter the administrator is personally liable to the creditors, who may enforce the judgment in their favor by execution against him person-ally. It is conclusive also, that the administrator has in hand assets of the decedent equal to the amount ordered to be disbursed. Anderson v. Tindall, 26 Miss. 332 ; Powell v. Cooper, 42 ib. 230 ; Powell v. Burrus, 35 ib. 617.

Under the article of the Code quoted, the plaintiff need not set out in his declaration the nature of his cause of action merged into the judgment, nor that the court had jurisdiction. It is sufficient to aver the judgment or decree recovered. Now, if, in any state of facts, the probate court can render a judgment in favor of a creditor, we must

presume in counting upon a judgment in that court in a suit upon the bond, that it was rendered on the state of the case where the jurisdiction existed. The probate court can decree that the administrator shall pay the creditor his distributive share of the insolvent's estate. The court may put the decree in the form of a certain per centum on the whole claim, or may ascertain the aliquot part of the creditor and direct its payment.

Under the averments of this declaration, it would be competent to produce the record of the probate court in insolvent proceedings, showing a decree in favor of the plaintiffs, Clark, West & Co., for the sum named, or a decree showing that their *pro rata* share would equal that sum. A creditor can only recover for his distributive share in a suit on the administrator's bond. It is otherwise, however, if he sues for assets not accounted for, but wasted. Burrus v. Fisher, 23 Miss. 230. If, however, the administrator has accounted for all the assets, he cannot be called upon, after a decree to pay the creditors their aliquot dividends, unless upon the suggestion that there are other assets discovered, and which have not been administered. 26 Miss. 334. We think that there was error, therefore, in sustaining the demurrer to the declaration. In declaring upon a bond with a condition, the statute requires the condition to be set out and breaches assigned. These breaches are in the nature of several causes of action, and to them the defendant must make response. *Nil debet* is not an answer. Williams v. Guinard, 2 How. 722; Baggett v. Beard, 43 Miss. The demurrer ought to have been sustained to the plea. We apprehend that the real question sought to be litigated on the pleadings, would more properly arise on the evidence that might be offered on the trial. Whether the evidence which may be offered to sustain the declaration will be admissible or not, or whether it will warrant a recovery, although discussed by counsel, do not arise on this record.

We reverse the judgment, and enter here a judgment sustaining the demurrer to the plea, and remand the cause for further proceedings.