W. M. JONES ET AL. *v.* ELLA H. PATTY, ADMR., ET AL.

| 73 | 179 |
| 76 | 300 |
| 73 | 179 |
| 92 | 163 |

1. LIFE INSURANCE. *Proceeds belong to beneficiary. Exemption.* Code 1892, § 1964; *code* 1880, § 1261.

   The proceeds of life insurance policies payable at death to the wife of the insured are not, upon his death, assets of his estate, but belong to the wife, and she and the sureties on her bond as administratrix of his estate are not liable as for a devastavit by reason of her having appropriated the whole amount, which included the sum of $2,000 in excess of the $10,000 exempted by statute from liability for his debts. Code 1892, § 1964; code 1880, § 1261.

2. SAME. *Pleading. Insufficient averments of bill. Case.*

   Creditors of a decedent who proceed by bill in equity against his wife and the sureties on her bond as administratrix of his estate, seeking a recovery for a devastavit in respect to so much of the

proceeds of policies of insurance on his life, payable to her at his
death, as exceeds the $10,000 exempted by statute from liability
for his debts, are entitled to no relief where the bill does not seek
to subject the avails of the insurance for money illegally invested
in the policies by the decedent, but proceeds on the theory that,
because he paid the premiums, the policies were his, and their
avails assets of his estate, and fails to allege that he was insolvent
when the premiums were paid, or when and in what amounts they
were paid, or that the complainants were then his creditors.

3. SAME. *Benevolent orders. Contracts insuring members. Provisions
therein for exemption of proceeds.*

The conclusion that creditors of the decedent were precluded from
resorting to the proceeds of his life insurance because of the fact
that $5,000 of the $12,000 received on account thereof by the wife
was from benevolent orders, by whose charters and by-laws it is
provided that the proceeds of their policies or certificates shall not
be subject to the debts of the insured, is not involved in the decis-
ion herein, or conceded to be correct.

4. ADMINISTRATOR'S BOND. *Insolvent estate. Rights of creditors. Recov-
eries on administrator's bonds. Apportionment of proceeds. Code 1892,
§ 1854.*

Under § 1854, code 1892, providing for successive recoveries on admin-
istration bonds by all who may have been injured by the breach
thereof until the whole penalty has been recovered, and, where
the whole penalty has been recovered, for apportionment of the
recovery according to the rights of the parties, the creditors of an
insolvent estate, who recover in equity on a bill against the ad-
ministratrix and the sureties on her bond for a devastavit, are not
entitled to priority of satisfaction out of such recovery, although
the same does not equal the whole penalty of the bond, but the
recovery inures equally to all the creditors of the estate.

5. SAME. *Object and purpose of the statute. Code 1892, § 1854.*

The manifest purpose of § 1854, code 1892, is to provide that one or
more creditors shall not exhaust the security afforded by the ad-
ministrator's bond to the exclusion of the demands of other cred-
itors which are equally protected by the bond, but that the recov-
ery on the bond, like the distribution of an insolvent estate, shall
be made among all the creditors " according to their rights. "

FROM the chancery court of Noxubee county.
HON. T. B. GRAHAM, Chancellor.
The opinion states the case.

*J. E. Rives*, for the appellant.

1. The $2,000 of insurance money in excess of the $10,000 exempted by the statute were assets of R. C. Patty's estate, and the complainants were entitled to a decree in respect thereto. The statute, § 1964, code 1892, which is a re-enactment of § 1261, code 1880, imparts to a debtor the right to devote his means to the payment of premiums to procure insurance to the extent of $10,000, but no more; and as Patty paid all the premiums on the $12,000 of insurance, the excess of $2,000 was subject to the demands of creditors.

The suggestion that $5,000 of the $12,000 of insurance money was realized on benefit certificates in the Knights of Honor and Knights of Pythias, which are benevolent orders and not insurance companies, cannot avail the appellees, as it is against the fact, both of those organizations, so far as this controversy is concerned, being essentially insurance companies. The case of *Bishop* v. *Curphey*, 60 Miss., 22, relied on by appellees, involved a different question from that here presented. In that case the total insurance was less than $10,000. The court, moreover, declined, in that case, to adopt the view that a benevolent order could, by its laws and contracts with insolvent debtors among its membership, enable them to invest their means in the procurement of benefits to others, to be held beyond the reach of creditors contrary to the laws of this state. See *Miner* v. *Mead*, 3 Conn., 289, referred to in 1 Williams on Exrs. (5th Am. ed.), p. 474, and Chilton's Probate Court Law & Pr., p. 348.

2. The chancellor also erred in ordering the funds to be paid over to the clerk, to be pro rated among all the creditors of the estate. Had these funds been accounted for by the administratrix in her accounts, and had she reported them to the court as so much assets in her hands, but had failed to pay them over, then the complainants could only have asked for a *pro rata* distribution among all the creditors. But this is not the case here. The bill was filed to establish a devastavit as to the insurance

money in excess of $10,000, and other funds mentioned therein.
That the rule is different in such case, and recognizes the right
of the successful complainant to priority seems to be settled by
authority. *Burruss* v. *Fisher*, 23 Miss., 229; *State, use, etc.*,
v. *Bowen*, 45 Miss., 351.

*Ames & Drake*, as *amici curiæ*,

Filed an elaborate brief, contending that the complainants
were not entitled to priority of payment out of the proceeds
realized by the suit, and attacking the decision in *Burruss* v.
*Fisher*, 23 Miss., 228, which the court was asked to overrule.
They also made the following points:

The case at bar is quite different from that of a bill filed to
set aside a fraudulent conveyance. An administrator cannot
attack a fraudulent conveyance made by his intestate, because
he stands in the place of the intestate, who cannot take advan-
tage of his own fraud. Hence, property so conveyed is not
assets of the estate, and cannot be made assets, because the ad-
ministrator cannot reduce such property to possession. *Arm-
strong* v. *Stovall*, 26 Miss., 275; *Ellis* v. *McBride*, 27 Miss.,
155; *Snodgrass* v. *Andrews*, 30 Miss., 472; *Winn* v. *Barnett*,
31 Miss., 653; *Hamilton* v. *Miss. College*, 52 Miss., 65.

It does not follow that because a conveyance is fraudulent
that it is fraudulent as to all creditors. It is only fraudulent
as to those injured by it, and, consequently, only those can at-
tack who are injured. As to others, it is not fraudulent.
Hence, it very clearly follows that the proceeds of property
fraudulently conveyed by the intestate should not be distrib-
uted to all the creditors. *Winn* v. *Barnett, supra*. Section
503, code 1892, covers the case of a fraudulent conveyance,
and gives the creditor who first attacks a lien on the property
described in the bill from the date of its being filed. This is
an entirely different case.

Cooper, C. J., delivered the opinion of the court.

The appellants, creditors of R. C. Patty, deceased, exhibited

this bill in the chancery court of Noxubee county, in which administration of said estate was pending, against Ella H. Patty, administratrix, and the sureties on her official bond, seeking to recover for a devastavit of said estate committed by the administratrix. The demands of some of the appellants have been reduced to judgments at law in suits against the administratrix, and those of the other complainants are evidenced by promissory notes of the intestate or open accounts against him. The bill avers that there does not remain in the hands of the administratrix property of the estate upon which executions may be levied.

The breaches of the bond alleged are:

1. That the administratrix failed to return, within the time required by law, a true inventory of the property, money and rights in action of the intestate.

2. That when the inventories were made the administratrix failed and refused to return or account for certain personal property of said estate of the value of $700.

3. That the administratrix failed and refused to put upon her inventory certain specified sums of money collected by her after the death of her intestate on choses in action which belonged to him.

4. That at the time of his death the life of the intestate was insured by policies aggregating $12,000, the premiums on all of which the intestate had paid, all of which policies were payable to the said Ella H. Patty as beneficiary thereof, and that on said policies there had been paid to her the sum of $11,999, of which sum $10,000, and no more, was exempt by law from the claims of creditors of said intestate. But said Ella H. Patty, claiming the whole sum realized from said policies as her individual money, had failed and refused to account for any part thereof as administratrix of said estate.

This bill was filed in October, 1893. In September, 1893, the administratrix had reported the estate as insolvent, and at the October term of the court it was declared insolvent. The

answers of the defendants were filed in May, 1894, and the final decree in the cause was made in March, 1895.

By the decree it is found that the administratrix had, before the institution of this suit, and in the course of administration, been directed and required to account for the property and money named in the second and third assigned breaches of her bond in this cause, and had failed and refused so to do, but had wasted and misappropriated said property and money, by reason of which her bond had become forfeited; that the insurance money referred to in the bill was not assets of the estate, and therefore the complainants were not entitled to any relief touching that fund. The court further decreed that the recovery decreed against the administratrix and the sureties on her bond, should inure to the benefit of all creditors of the estate equally, and denied to complainants the right to priority of satisfaction of their demands.

The defendants do not appeal or assign error, nor do the complainants assign for error any other action of the court below than, first, in ruling that the proceeds of the insurance policies were not assets of the estate; second, in denying to complainants priority of satisfaction out of the recovery on the bond.

Of the policies of insurance upon the life of the intestate, two were in benevolent secret societies, one in the Knights of Pythias for $3,000, and one in the Knights of Honor for $2,000. Under the charters and by-laws of these societies it is provided that the proceeds of policies issued by them shall not be subject to the claims of the creditors of the assured. The chancellor was of opinion that this limitation was effectual to exclude the creditors from resorting to the proceeds of the policies, and since excluding the sum of these policies—$5,000—there remained only $7,000 of insurance, while the statute (code, § 1964) exempts $10,000 of insurance, there was no part of the fund liable to the creditors of the assured.

We have reached the same conclusion as the chancellor in

reference to the nonliability of the insurance money, but by a totally different process of reasoning. We are not prepared to concede that an insurance company, whether a benevolent organization or not, can, by its charter or by-laws, or by the form of its policies, receive the money of an insolvent debtor, and provide that his creditors shall be excluded from any recourse against the proceeds of the policy. We are not speaking, of course, of an action on the policy, but of the right of creditors to go against the beneficiary to recover the property of their debtor invested in the policy. Whether this may be done is a question of law, and cannot be controlled by contract between the debtor and a third person.

But the bill in this cause is not framed for the purpose of subjecting the money the intestate illegally invested in the purchase of the policies. There is no averment that Patty was insolvent when the premiums were paid, nor does it appear when they were paid, nor in what amounts, nor whether the complainants were then his creditors. The bill proceeds upon the postulate that, because the intestate paid the premiums, the policies were his property, and their proceeds assets of his estate. But it is well settled that a policy of insurance, payable to another than the insured or his legal representatives, is not a part of his estate. *Bishop* v. *Curphey*, 60 Miss., 22; *Cables* v. *Prescott*, 67 Me., 582; *Simmons* v. *Biggs*, 99 N. C., 236; *Conigland* v. *Smith*, 79 N. C., 303; 2 Woerner's Law of Admin., 647; *In re Van Dermoor*, 42 Hun (N. Y.), 326.

2. The court did not err in holding that the recovery upon the bond inured equally to the benefit of all creditors of the intestate.

Appellants invoke the decision in *Burruss* v. *Fisher*, 23 Miss., 228, in support of their contention that their claims should be preferred in the distribution of the sum recovered in this proceeding upon the bond of the administratrix. The decision in that case is supposed by counsel to be of controlling effect in the present one, and, while appellant's counsel rely on it, we

are urged by counsel for appellee to overrule it. We have, however, a statute that has been overlooked by counsel which covers the whole controversy. The code, § 1854, provides that "all bonds required and given in the administration of estates, testate and intestate, and the bond or bonds of the county administrator, shall be recorded in the office of the clerk of the chancery court of the county, in a book kept for that purpose, and may be put in suit by any person injured by a breach thereof, he being responsible for costs; and any such bond shall not be void upon the first recovery, but may be sued on from time to time until the whole penalty shall have been recovered; and, when the whole penalty shall be recovered, the chancery court shall apportion the recovery according to the rights of parties."

The bond given by the administratrix is in the penalty of $5,000, while the devastavit established by the decree is of something less than $3,000, and, so, there is not a recovery of the whole penalty of the bond. But the manifest purpose of the statute is to provide that one creditor shall not exhaust the security afforded by the bond to the exclusion of the demands of other creditors, which are equally protected by the bond, but that the recovery on the bond, like the distribution of an insolvent estate, shall be made among all creditors "according to their rights."

The estate here is insolvent, and its assets have been wasted by the administratrix. If the complainants are permitted to apply the recovery on the bond to the payment of their demands, other creditors equally entitled to the security of the bond will be left without remedy, and this is what the statute is designed to prevent.

*The decree is affirmed.*

*J. E. Rives,* for the appellants,

Filed the following suggestion of error: As I conceive it, § 1854, code 1892, governed this court in reaching the conclusion expressed in its opinion. Had it not been for that

statutory provision, the case of *Burruss* v. *Fisher*, 23 Miss.,
228, would have been conclusive, as that case was in all re-
spects similar to the one at bar, except that it was an action at
law in the circuit court.   Section 1854 was not overlooked, but
it was considered by counsel for appellants as being, in effect,
the same as that in force when the case above referred to was
decided.   This earlier provision of the statute law was as fol-
lows:  ''Which bond shall be payable to the judge of probate
of the proper county and his successors in office, and shall not
become void upon the first recovery, but may be put in suit
and prosecuted in the like manner as is before directed in the
case of bonds to be given by executors or administrators with
the will annexed.''   Hutchinson's Code, § 56, p. 657.   Now,
in what manner were bonds given by administrators with the
will annexed put in suit under the law then in existence?  Such
a ''bond shall be payable  .  .  .  but may be prosecuted
and put it suit from time to time by and at the costs of any
party injured by a breach thereof, until the whole penalty be
recovered thereupon, and such bond shall be recorded,'' etc.
*Ib.*, § 33, pp. 652, 653.

But that is not all.   Section 58, page 657, of the same code
provides as follows:  ''In case a bond given by any adminis-
trator  .  .  .  becomes forfeited, it shall and may be lawful
for the judge of probate to cause the same to be prosecuted at
the request of any party aggrieved by such forfeitures, and the
money recovered upon such bond shall be applied towards
making good the damages sustained by the not performing the
conditions thereof, in such manner as the orphans' court, by
their sentence or decree, shall direct.''

It is true, under § 1854, code 1892, cited in the opinion,
it is provided that,  ''when the whole penalty is recovered,
the chancery court shall apportion the recovery according to
the rights of the parties,'' but the difference between this and
the earlier statutes above quoted is one of verbiage merely.
It could not be presumed that the orphans' court would order

the money recovered to be paid out otherwise than by apportionment according to the rights of the parties or ratable distribution.

If I be correct as to the similarity of these two statutes, the case of *Burruss* v. *Fisher*, *supra*, should be followed, for here, as there, the effort was to establish a devastavit and bring in and subject assets never reported by the administration. In that case and *State, use, etc.* v. *Bowen*, 45 Miss., 347, these statutes were held not to apply, the distinction being, as I conceive it, that funds admitted by the administrator are within the knowledge of the court, and the payment of such funds would be forced by the court upon suggestion or petition of anyone interested. They already form part of the admitted estate, and diligence on the part of anyone is required to unearth them. Such funds should, in justice, be apportioned among all the creditors, but that is a very different state of case from the one presented by this record and considered in the authorities above cited.

*Suggestion of error overruled.*