MAGEE *et al. v.* BANK OF HATTIESBURG & TRUST CO.

[98 So. 541.   No. 23578.]

(Division B. Oct. 29, 1923. Suggestion of Error Overruled Jan. 28, 1924.)

1. INSURANCE. *Will held not to operate as substitution of legatees as beneficiaries in testator's life policy payable to estate.*

The last will and testament of a testator does not operate as a substitution of the legatees under the will as the beneficiaries in a policy of insurance on the life of the testator which is payable to his executors, administrators, or assigns.

2. INSURANCE. *Each distributee entitled to exemption of only pro rata share of exempt life insurance.*

Chapter 186, Laws of 1922, exempting the proceeds of life insurance not exceeding five thousand dollars payable to the executor or administrator of the insured, from liability to the creditors of the decedent, should be so construed as to give each distributee sufficient only to make the whole insurance money received by him on the life of the decedent equal to his ratable share of five thousand dollars.

APPEAL from chancery court of Lamar county.

HON. T. P. DALE, Chancellor.

Suit by Mrs. W. H. Magee and others against the Bank of Hattiesburg & Trust Company, administrator of W. H. Magee, deceased. From a decree for defendant, plaintiffs appeal. Reversed, and decree rendered.

*Tally & Mayson,* for appellants.

Mr. Magee executed his last will and testament on the 25th day of April, 1921, and in it is the following provision: "I devise and bequeath to Mrs. W. H. Magee and my children all that I may have personal and realty."

His life was insured in the total sum of ten thousand seven hundred sixty-eight dollars and fifteen cents. Of this amount one policy was payable to his widow, Mrs.

W. H. Magee in the sum of two thousand five hundred five dollars and sixteen cents, and which has been paid to her. A policy in the Woodmen of the World, amounting to the sum of one thousand four hundred twenty-six dollars and fifteen cents, was payable to his daughters, Mrs. J. L. Thomas, and Mrs. James G. Daly. The other daughter, Willie Bell Magee, was not a beneficiary in any of the policies. The remaining sum, six thousand eight hundred thirty-six dollars and eighty-four cents' was by the terms of the policies made payable to his executor or administrator.

Under the terms and provisions of the will of W. H. Magee, his wife and children are made beneficiaries in the policies of insurance payable to this estate, as fully and completely and as effectively as if their names had been inserted in lieu of his estate in his lifetime. *Coats* v. *Worthy,* 72 Miss. 575, 18 So. 1916; 25 Cyc. 895; 40 Cyc. 1548; *Mitchell* v. *Allis* (Ala.), 47 So. 715; *Areling* v. *Northern Western Masonic Aid Association,* 1 L. R. A. 528.

After the execution of the will, section 2141, Code of 1906, Hemingway's Code, section 1814, had no further application. Our contention is that the execution of the will had the effect to completely nullify the provision of this section. It is not necessary to the validity of a will that beneficiaries be named, but if an executor is appointed the will is valid without reference to the beneficiaries. 40 Cyc. 1078 and 1079; *Ferris* v. *Neville,* 89 Am. St. Rep. 480 and note. The word "legatee" in the statute means strangers. *Cozine* v. *Grimes,* 76 Miss. 294, 24 So. 197. The word "heirs" denotes those who would take in case the assured died intestate. 25 Cyc. 887. We insist that they are entitled to all under the terms of the will. They take *per capita* and not *per stirpes. Nichols* v. *Denny,* 37 Miss. 59; 40 Cyc. 1490; *Cozine* v. *Grimes,* 76 Miss. 294, 24 So. 197.

*Currie & Smith,* for appellee.

The contention of the appellants appears to be that the will of Mr. Magee operated so as to change the beneficiaries named in the policies from the executors, administrators or assigns to his heirs or legatees. We submit that this is inaccurate. The executors, administrators or assignees, named as beneficiaries in these policies, stipulate a specific beneficiary and vest rights in the estate in favor of creditors, which we submit cannot be divested by the provisions of any will.

The execution of a will cannot operate to change the beneficiaries in a policy. Section 2140 of the Code of 1906, has absolutely no application, because it applies specifically to policies which are upon their face payable to a named beneficiary.

Chapter 186 of the Laws of 1922, limits the amount of insurance which is exempt to five thousand dollars if the policies are payable to the estate: and from this five thousand dollars there must be deducted such amounts of money as the legatees or heirs have received otherwise.

The case of *Coats* v. *Worthy,* 18 So. 916, affords no comfort to the appellants. That case merely holds that a policy of life insurance, not to exceed five thousand dollars is exempt from the debts of the decedent if payable to the executors or administrators; and that is exactly in line with the decree of the lower court. The case of *Mitchell* v. *Allis,* 47 So. 715, has reference to Alabama statutes. We insist that the chancellor reached the correct conclusion.

Argued orally by *C. G. Mayson,* for appellants.

COOK, J., delivered the opinion of the court.

The appellants, Mrs. W. H. Magee, widow, and Mrs. J. L. Thomas, Mrs. James Daly, Jr., and Willie Bell

Magee, daughters, respectively, and sole heirs at law of W. H. Magee, deceased, filed a petition in the chancery court of Lamar county seeking to require the appellee, Bank of Hattiesburg & Trust Company, administrator of the estate of the said W. H. Magee, deceased, to pay to them the proceeds of certain insurance policies which the administrator had collected, and which were payable to the executors, administrators, or assigns of the deceased.

It appears from the record that on the 25th day of April, 1921, Mr. Magee executed his last will and testament, under the provisions of which he devised and bequeathed to his wife and children all of his personal and real property; that at the time of his death his life was insured in the total sum of ten thousand seven hundred sixty-eight dollars and fifteen cents; that of this amount one policy in the sum of two thousand five hundred five dollars and sixteen cents was payable to the widow, Mrs. W. H. Magee, and she collected this sum; that another policy amounting to the sum of one thousand four hundred twenty six dollars and fifteen cents was payable to Mrs. J. L. Thomas and Mrs. James G. Daly, Jr., two of the daughters of the deceased, and this sum was collected by them; that two other policies, amounting to the sum of six thousand eight hundred thirty-six dollars and eighty-four cents, were payable to the executors, administrators, or assigns of the said W. H. Magee, deceased, and that this sum has been collected by the said administrator. It further appears that the third daughter, Willie Bell Magee, was not a beneficiary in any policy of insurance, and that she has received nothing from insurance; and that the estate is insolvent.

The appellants contend that the will of the testator operated as a change of beneficiaries in the policies from the executors, administrators, or assigns to his heirs or legatees, and that they were therefore entitled to col-

134 Miss.—9.

lect all of this insurance from the administrator.   The administrator contends that, under the provisions of chapter 186, Laws of 1922, the appellants were only entitled to receive the difference between the total amount of insurance already collected by them and the sum of five thousand dollars, and the chancellor so held.

We are of the opinion that both of these contentions are wrong.   The fact that appellants are the legatees or distributees under the will does not substitute them as beneficiaries in the policies of insurance which are payable to the executors, administrators, or assigns of the deceased, and, at the death of the insured, the proceeds of these policies became a part of the estate of deceased, payable to his executor or administrator, and were liable for the debts of the decedent, subject only to the statutory exemptions in favor of the heirs or legatees.

The statutory exemption in favor of heirs and legatees in the proceeds of insurance policies, which are payable to the executor, or administrator, of the insured, is found in section 1814, Hemingway's Code, as amended by chapter 186, Laws of 1922, the material part of this chapter reading as follows:

"The proceeds of a life insurance policy not exceeding five thousand dollars payable to the executor, or administrator, of the insured, shall inure to the heirs or legatees, freed from all liability for the debts of the decedent, except premiums paid on the policy by any one other than the insured for debts due for expenses of last illness and for burial; but if the life of the deceased be insured for the benefit of his heirs or legatees at the time of his death otherwise, and they shall collect the same, the sum collected shall be deducted from the five thousand dollars and the excess of the latter only shall be exempt."

This section was construed by this court in the case of *Cozine* v. *Grimes,* 76 Miss. 294, 24 So. 197, and the

principles there announced were applied to facts almost identical with those now before us. In the Cozine Case the court was considering section 1965, Code of 1892, which in all material respects is the same as the present statute, and the court there said:

"That manifest purpose seems to be this: That when there is no insurance otherwise, the sum of five thousand dollars, if payable to the executor or administrator, shall constitute the maximum amount set apart as exempt to the heirs or legatees. That was deemed a sufficient sum in such contingency to provide against destitution. But if the heirs or legatees were, either all or some only of them, otherwise provided for by insurance than as marked out in section 1965, and the decedent left five thousand dollars insurance as marked out in section 1965 also, then section 1965 was not to provide cumulative exemptions, but should be so construed as to give each heir or legatee, together with what he otherwise might get, an additional amount, sufficient only to make the whole insurance received by him equal to what his ratable share of the five thousand dollars would be."

Applying this construction to the facts in the present case, it is clear that the *pro rata* share of each of the four heirs or legatees in the five thousand dollars insurance money which is exempt by this section, is $1,250. The mother, having two thousand five hundred five dollars and fifteen cents of insurance otherwise, has received more than her *pro rata* share of the five thousand dollars, and is entitled to no part thereof until creditors are satisfied. Two of the daughters of deceased have received seven hundred thirteen dollars and seven cents of insurance otherwise, and consequently they are each entitled to receive out of the insurance money in the hands of the administrator a sum sufficient to make up their *pro rata* share of one thousand two hundred fifty dollars, that is to say, the sum of five hundred thirty-six

dollars and ninety-three cents each. The third daughter, Willie Bell Magee, was not otherwise provided for by insurance, and has received nothing, and she is entitled to have her full *pro rata* share of one thousand two hundred fifty dollars. After paying these sums the excess is to be used in the payment of the creditors of decedent, and the balance, if any, will be distributed under the provisions of the will, which in this case are the same as the laws of descent and distribution.

The decree of the court below will therefore be reversed, and a decree will be entered here directing the administrator to pay to Mrs. J. L. Thomas, Mrs. James Daly, Jr., and Willie Bell Magee, the amounts herein indicated.

*Reversed, and decree here.*